IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW WEBER and HEIDI A. WEBER,

        Plaintiffs,

v.

PIERCE COUNTY, WI, *et. al.*,

        Defendants.

OPINION AND ORDER

21-cv-300-wmc

---

Pro se plaintiffs Matthew Weber and Heidi A. Weber, invoking 42 U.S.C. § 1983, allege that defendants violated their constitutional and state statutory rights by their involvement in the removal of their then minor daughter, J.K.W., from their Pierce County, Wisconsin home and in J.K.W.'s continued out-of-home placement with her adult sister in Minnesota. Before the court is the Pierce County Defendants' motion for a protective order (dkt. 26) to which plaintiffs object (dkt. 28) and the remaining defendants have joined in support (dkt. 29). For the following reasons, the court will grant the motion.

The Pierce County defendants move under Federal Rule of Civil Procedure 26(c) for the court to enter the proposed protective order attached as Exhibit A to their lawyer's declaration and modeled on an order appended to the local rules for the Eastern District of Wisconsin. (Dkt. 27-1.) Generally, discovery under Rule 26 is broad; parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, Rule 26(c) allows a party to seek a protective order from the court when requested discovery may cause annoyance, embarrassment, oppression or undue burden or expense.

Defendants seek to prevent "unnecessary damage and injury" to J.K.W. by defining and regulating the exchange of confidential discovery materials. (Dkt. 27-1 at 1.) As currently drafted, the order allows the parties to designate as "confidential" any materials produced in

discovery containing "trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information." (*Id.*) The proposed order further specifies to whom such materials can be disclosed and under what circumstances, and instructs that the parties file confidential materials with the court under seal, although a party may challenge the confidentiality designation by motion.

Plaintiffs object, but for reasons insufficient to decline to enter a protective order meant to shield their daughter from the unnecessary disclosure of private and sensitive information during the course of this lawsuit. As noted, plaintiffs' claims arise out of their then-minor daughter's removal from their custody and the subsequent events. Discovery in this action will accordingly involve the review of juvenile records from Pierce County Circuit Court and J.K.W.'s law enforcement records, which are presumptively confidential under state law,[1] as well as other discovery that may contain related sensitive information. *See* Wis. Stat. §§ 48.396(1), (2)(a) (protecting records of children under the Children's Code); § 938.396 (protecting records of juveniles under the Juvenile Justice Code); *see also Loertscher v. Schimel*, No. 14-cv-870-jdp, 2015 WL 5749827, at *11 (W.D. Wis. Sept. 30, 2015) (noting that "under Wisconsin law, proceeding under Children's Code are confidential" and citing Wis. Stat. § 48.396(2)).

Plaintiffs argue that the proposed order "offers no benefit to us or our reputation and inhibits our rights to speak freely in defense of ourselves, and significantly impacts discovery and procuring witnesses," and is designed to shield defendants from liability when the focus of the lawsuit is on defendants' conduct. (Dkt. 28 at 4.) However, the order is designed for J.K.W.'s benefit, not for the benefit of the parties, who must expect that their conduct relevant to the claims will be at issue. More to the point, the order does not relieve the parties of their

---

[1] For their part, the Minnesota defendants report that juvenile, child protection and welfare, and law enforcement records involving J.K.W. are considered private and confidential under Minnesota law as well. *See, e.g.*, Minn. Stat. §§ 13.46 (welfare data), 13.82 (law enforcement data), 13.821 (videotape data of child abuse victims). (Dkt. 29 at 2.)

obligation to disclose all relevant, discoverable information, nor does it limit what arguments the parties can make. Rather, the order regulates how certain sensitive information is to be exchanged and disclosed by the parties and filed with the court. If a party disagree with a confidentiality designation, then that party can challenge the designation by motion.

Equally unavailing is plaintiffs' point that a protective order is not necessary because they would not purposely divulge any information about J.K.W. "That isn't already known by any parties through her own sharing, our other daughters' sharing, or that anyone at Pierce County has already shared." (*Id.*) Even so, a federal lawsuit now has been filed, and discovery, including juvenile court and law enforcement records, will be formally exchanged. Although there may be individuals in plaintiffs' local community who have some anecdotal knowledge about the allegations in this case, this does not remove the need to shield from disclosure to other people the private and sensitive information about J.K.W. that relates to her parents' claims.

Accordingly, the court will grant the Pierce County defendants' motion and enter the proposed protective order over plaintiffs' objection.

ORDER

IT IS ORDERED that defendants' motion for a protective order (dkt. 26) is GRANTED and their proposed protective order (dkt. 27-1) is entered as the court's own order.

Entered this 11th day of January, 2022.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge