IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW WEBER, and
HEIDI A. WEBER,

                Plaintiffs,             OPINION AND ORDER

    v.                                       21-cv-300-wmc

PIERCE COUNTY, WI DEPARMENT
OF HEALTH AND HUMAN SERVICES
DEPARTMENT OF CHILDREN AND
FAMILIES, MICHELLE HARRIS,
JENNELLE WOLF, RON SCHMIDT,
KIMBERLY EDWARDS,
CITY OF FRIDLEY, MN POLICE
DEPARTMENT, BRIAN J. DESJARDINS,
STEPHANIE OLSEM,
and KIM STENSLAND,

                Defendants.

*Pro se* plaintiffs Matthew Weber and Heidi A. Weber, invoking 42 U.S.C. § 1983, are proceeding against defendants on various claims arising out of the removal of their then minor daughter, J.K.W., from their Pierce County, Wisconsin home and in J.K.W.'s out-of-home placement with her adult sister. Before the court is plaintiffs' motion to strike all 18 of the Pierce County defendants' affirmative defenses. (Dkt. #22.) For the following reasons, the court will deny the motion.

Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Generally, motions to strike portions of pleadings are disfavored as a pointless exercise for the parties and the court, and "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved

in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).[1]

Plaintiffs allege in their Amended Complaint that defendants violated their First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights as well as their rights under "associated State and Interstate Law." (Dkt. #5 at 18.) They also request injunctive relief for alleged violations of Wisconsin state law regulating the certification of certain professionals including social workers. (Dkt. #5 at 28-29.) In their answer, the Pierce County defendants assert the following 18 affirmative defenses: (1) certain defendants cannot be sued; (2) and (7) failure to state an official capacity claim and failure to state any claim upon which relief can be granted; (3) the individual defendants were not personally involved in the alleged violations of plaintiffs' rights; (4) and (5) qualified and quasi-judicial immunity; (6) no Pierce County policy or custom deprived plaintiffs of a constitutional right; (8) the state law claims do not state constitutional violations; (9) certain defendants are immune from punitive damages; (10), (11), (12), (13) and (15) some claims are barred by state court orders, claim preclusion, statutes of limitation, the *Rooker-Feldman* doctrine, and the notice of claim statute; (14) the state law claims are subject to damages caps and barred by governmental immunity under Wis. Stat. § 893.80; (16) defendants never acted in bad faith or in a willful, wanton, outrageous, reckless or

---

[1] Defendants argue as an initial matter that the motion to strike affirmative defenses is untimely under Rule 12(f) because it was brought more than twenty-one days after service of the pleading. (Dkt. 25 at 2.) Defendants are correct -- plaintiffs filed their motion two days late. However, Rule 12(f) permits the court to consider the sufficiency of a defense at any time. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (court may reach merits of untimely motion to strike).

2

malicious way; (17) plaintiffs failed to mitigate their damages; and (18) any injury or damages to plaintiffs was caused by their own conduct or that of third parties over which defendants had no control. (Dkt. #17 at 9-11.)

The court is generally sympathetic to the *pro se* plaintiff who, in receiving an answer with a long list of affirmative defenses, seeks more certainty. Although these affirmative defenses appear to relate to plaintiffs' claims, plaintiffs argue that they all lack merit, and are otherwise conclusory and redundant. As to plaintiffs' first point, a motion to strike "is not a proper device for placing the actual merits of a party's pleadings in issue." *Love v. Gardison*, No. 07-c-816, 2008 WL 1968732, at *1 (E.D. Wis. May 2, 2008) (quoting *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984)). The asserted defenses may or may not be meritorious, but at this stage of the lawsuit, with the record before the court limited to the pleadings, it is too soon to tell. None of them appear plainly unworthy of consideration, though, and plaintiffs may contest on their merits those defenses that defendants ultimately raise at summary judgment or trial.[2]

As for sufficiency, the parties debate the applicable standard. The Court of Appeals for the Seventh Circuit has suggested that the pleading standard that applies to claims should also apply to defenses. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defenses are subject to all pleading requirements of the Federal Rules of Civil Procedure, and "must set forth a 'short and plain statement' of the defense pursuant to Rule 8(a)). Accordingly, absent further guidance, "most district courts

---

[2] As to plaintiffs' concerns regarding their ability to properly respond to the asserted defenses, the Federal Rules do not allow a response to defendants' answer, unless plaintiffs were to assert a counterclaim. *See* Fed. R. Civ. P. 7(a) (specifying allowable pleadings).

3

in this circuit, including this one, have applied the plausibility standard to affirmative defenses." *Oregon Potato Co. v. Kerry Inc.*, No. 20-cv-92-jdp, 2020 WL 4586401, at *2 (W.D. Wis. Aug. 10, 2020) (collecting cases). However, it typically does not "take a rich factual exposition to make an affirmative defense plausible" when coupled with the allegations in the complaint as context. *Nouis Techs., Inc. v. Polaris Indus. Inc.*, No. 14-cv-233-jdp, 2015 WL 3407862, at *2 (W.D. Wis. May 27, 2015).

Viewed in tandem with plaintiffs' detailed allegations, the Pierce County defendants have satisfied the requirements of Rule 8 by putting plaintiffs on notice of the nature of their asserted defenses in short and plain terms. A number of these defenses present questions of law (such as damages limitations and various immunity doctrines), and/or will depend on facts that will be the subject of discovery, so the court will not strike them. And while some of these defenses are stated in very plain terms, such as affirmative defense 6 (deprived of no constitutional right) and defense 7 (failure to state a claim), defendants have provided factual and legal support in their brief for all of their defenses, giving plaintiffs a better idea of what they are facing. (Dkt. #25.) Regardless, plaintiffs are not prejudiced by their inclusion, and striking any of these defenses at this point "would simply be a make-work exercise for all." *See Ivanov*, 2014 WL 5307936, at *3 (declining to strike an affirmative defense that as plead might not meet the requirements of Rule 8 as a "make-work exercise" and advising if plaintiffs want more certainty "they can propound a contention interrogatory to lock defendants into their position"); *see also Free Range Presents Dallas, LLC v. Fort Investments LLC*, No. 18-cv-104-wmc, 2018 WL 6441017, at *10-11 (W.D. Wis. Dec. 7, 2018) (opting not to strike as unnecessary affirmative defenses that

negate the elements of the plaintiff's claims).

The court will therefore deny plaintiffs' motion to strike all of the Pierce County defendants' affirmative defenses, but in doing so notes that it often sees answers asserting a slew of affirmative defenses, and most, if not all, are never developed and eventually withdrawn. Lawsuits often shift as more information comes to light, and affirmative defenses will be abandoned, amended, and refined accordingly. If plaintiffs want more certainty, they can force defendants to elaborate on or withdraw defenses through requests for admission or interrogatories, or, *if necessary,* as part of a summary judgment motion, or by service of a Rule 11 letter and draft motion on defendants should a particular defense be revealed as truly frivolous. *See Codest Eng'g v. Hyatt Intern. Corp.*, 954 F. Supp. 1224, 1232 (N.D. Ill. 1996) (granting in part and denying in part a motion to strike affirmative defenses, but permitting defendant to replead with the reminder that "its pleading of affirmative defenses is subject to Rule 11"). All that said, the parties should work cooperatively going forward and confer in good faith *before* filing any motion with the court.

## ORDER

IT IS ORDERED that plaintiffs' motion to strike defendants' affirmative defenses (dkt. #22) is DENIED.

Entered this 18th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge