IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW WEBER and
HEIDI A. WEBER,

                Plaintiff,

v.

PIERCE COUNTY WISCONSIN
DEPARTMENT OF HUMAN SERVICES,
MICHELLE HARRIS, JENNELLE WOLF,
RON SCHMIDT, KIMBERLY EDWARDS,
CITY OF FRIDLEY, MN POLICE
DEPARTMENT, BRIAN J. DESJARDINS,
STEPHANIE OLSEM,
and KIM STENSLAND,

                Defendants.

OPINION AND ORDER

21-cv-300-wmc

---

*Pro se* plaintiffs Matthew Weber and Heidi A. Weber claim that defendants violated their constitutional rights in violation of 42 U.S.C. § 1983, as well as state statutory rights, by facilitating the removal of plaintiffs' then-minor daughter, J.K.W., from their Pierce County, Wisconsin home. The Minnesota and Pierce County defendants filed their respective motions for summary judgment by the May 11, 2022, dispositive motion deadline. (Dkt. ##51, 61.) Plaintiffs also filed a cross-motion for summary judgment on May 11, and their supporting materials the next day. (Dkt. ##72, 73, 74, 75, 76, 77, 78, 79.) Before the court is: (1) plaintiffs' motion to for leave to file an amended brief in support of their cross-motion, which was not filed until May 16; (2) defendants' joint motion to strike that brief, which plaintiffs oppose; and (3) the Pierce County defendants' motion to extend the response deadline. (Dkt. ##80, 80-1, 81, 83, 84.) For the following reasons, plaintiffs' motion for leave will be granted, defendants' motion to strike will be

denied, and the court will adjust the dispositive motion briefing schedule accordingly, granting in part the Pierce County defendants' motion to extend the response deadline.

## OPINION

In support of their motion for leave to file an amended brief, plaintiffs assert that they encountered technical difficulties filing all of their submissions, requiring follow-up with the clerk's office. In their confusion, plaintiffs state that they submitted an old, incomplete draft of their brief on May 11, 2022, which does appear in sections to be incomplete and in outline form. (*See, e.g.*, dkt. #72 at 15-17, 23-25.) Finally, plaintiffs report noticing the error when they began drafting their response to defendants' motions for summary judgment, prompting them to move for leave to file an amended, completed brief five days later.

In response, defendants jointly filed a motion to strike plaintiffs' amended brief in its entirety, arguing that it is untimely, "lacks evidentiary support," and contains "allegations, arguments and materials" not included in plaintiffs' original brief. (Dkt. #81 at 1.) Having already litigated a motion to strike in this matter (dkt. #22), the parties should by now be well aware that such motions are generally disfavored. *See Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726-27 (7th Cir. 2006) (denying a motion to strike portions of appellee's brief as doing "nothing but squander[ing] time"). Typically, the way to point out errors in a brief is in a response or a reply. However, defendants also understandably seek clarity regarding which brief is now the operative one given the substantial differences between the two submissions.

2

To begin, defendants are correct that plaintiffs moved for leave to file an amended brief five days after the dispositive motion deadline, but a party may generally file a cross motion as part of its response to a motion for summary judgment, which is not yet due in this case. Regardless, plaintiffs moved quickly to address the issue, and the court will amend the briefing schedule to avoid any prejudice to defendants by this asserted, five-day filing delay, so the court will not grant defendants' motion on grounds of prejudice.

Turning to the crux of defendants' motion, defendants seek to cast doubt on plaintiffs' explanation for having to file an amended brief, noting that the second brief is significantly different than their first, and appears to include argument responsive to their dispositive motions, as well as listing claims and affirmative defenses that they argue: plaintiffs did not include in their amended complaint or first brief; do not support with any factual or evidentiary support; and were not the subject of discovery. In response, plaintiffs again detail their difficulties submitting their materials through the electronic filing system, which the court has no reason to question. Plaintiffs further argue that there are no new claims, having alleged violations of various constitutional rights in their amended complaint, and they are simply "refin[ing]" some of their claims and issues, or at least theories of liability, in seeking summary judgment on defendants' "evident liability" for violating their First, Fourth and Fourteenth Amendment rights. (Dkt. #83 at 6-7.) In their amended complaint, plaintiffs reference the First, Fourth, Fifth, Sixth, and Fourteenth amendments in their "General Statement of Claims-Background" section (dkt. #5 at 18), then list the First, Fourth, Fifth, and Fourteenth Amendments as claims as well as the conduct they allege violated their rights under each of these amendments. (Dkt. #5 at 20-

3

26.)[1]  Although plaintiffs now emphasize that "the facts of the case remain the same," the problem is that the same conduct may violate multiple rights, so it may not always be possible to discern from a pleading all the claims or theories of liability a plaintiff means to pursue based on that conduct.[2]  (Dkt. #83 at 4.)

The court will not now attempt to parse plaintiffs' amended complaint, nor attempt to label their claims in the midst of summary judgment briefing.  Instead, the court will simply confirm that plaintiff's amended brief (dkt. #80-1) is the operative one and invite defendants to argue in response that plaintiffs are asserting new claims beyond what was pleaded in the amended complaint, recognizing that it would be prejudicial to defendants after filing their summary judgment motions to allow plaintiffs to assert claims that were *not* included or fairly discernable in the amended complaint given defendants had no reason or opportunity to develop evidence on those claims.

For example, plaintiffs include in their amended brief under the header "Fourteenth" quotations from case law regarding the applicable standard for a conditions-of-confinement claim, yet conditions of confinement are not referenced in the amended complaint, nor are there any allegations suggesting that plaintiffs were ever confined.  (Dkt. #80-1 at 12-13.)  Thus, defendants would appear to have had no notice of this claim, or

---

[1] Similarly, plaintiffs' amended brief also includes a header indicating "Fifth/Sixth" followed by case citations that pertain to the right to an impartial jury (dkt. #80-1 at 11-12), but plaintiffs state in their objection to defendants' motion that while they are not abandoning their Fifth and Sixth Amendment claims, they are not seeking summary judgment on any of them.  (Dkt. #83 at 6.)

[2] To the extent plaintiffs use "claim" to refer generally to a constitutional amendment, the court uses the term to refer to the specific, enforceable rights that fall within a particular amendment on which plaintiffs have given reasonable notice to defendants in their amended complaint.

4

any opportunity to build a defense against it, and it would be prejudicial to defendants to allow plaintiffs to proceed on this claim at this late date. In reaching this conclusion, the court ascribes no inappropriate motives to plaintiffs. However, the proper way for plaintiffs to have refined or clarified their claims and issues as discovery progressed would have been to seek leave to amend their complaint timely. Of course, plaintiffs remain free to challenge defendants' proposed findings of facts and arguments in their response, as well as to argue as to the reasonable scope of the amended complaint in their reply to their own cross-motion.

Having resolved the parties' motions to amend and to strike, the court will reset briefing as indicated below to allow the parties sufficient time to prepare responses to the pending dispositive motions and proposed findings of fact. For further guidance, the parties may consult the court's summary judgment procedures provided with the pretrial conference order. (Dkt. #24.) The remaining case deadlines, including the October 11, 2022, trial date, will remain in place. If, after reviewing the parties' submissions, the court decides that it requires additional information to resolve the pending dispositive motions, it will ask for it.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion to amend/correct (dkt. #80) is GRANTED.

2) Defendants' joint motion to strike plaintiffs' second memorandum of law (dkt. #81) is DENIED.

3) The Pierce County defendants' motion to extend the response deadline (dkt. #84) is GRANTED in part.  The remaining dispositive motions briefing schedule is RESET as follows:

   a. Plaintiffs' response brief to defendants' motions for summary judgment (dkt. ##51, 61), including responses to defendants' proposed findings of fact (dkt. ##52, 69) will be due July 1, 2022.

   b. Defendants' replies, and responses to plaintiffs' cross-motion for summary judgment (dkt. #72) and to plaintiffs' proposed findings of fact (dkt. #75) will be due July 22, 2022.

   c. Plaintiffs' reply in support of their cross-motion will be due August 1, 2022.

Entered this 8th day of June, 2022.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge